UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINE REGAN,

        Plaintiff,
v.                                                       Civil Action No._____

NCO FINANCIAL SERVICES, INC.,

                                                          **JURY TRIAL DEMANDED**

        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

### III. PARTIES

4. Plaintiff Christine Regan is a natural person residing in Town of Tonawanda, County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant NCO Financial Services, Inc., (hereinafter "NCO") is a foreign corporation organized under the laws of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

6. That at all times relevant herein, Plaintiff owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. All references to "Defendant" or "NCO" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

16. Upon information and belief, Christine and Gordon Cooper, residents of Pennsylvania, incurred a medical bill. Said bill will be referred to as "the subject debt" in this complaint.

17. Upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

18. Upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

19. That Plaintiff is not liable on the subject, and has no connection with said whatsoever.

20. That Plaintiff does not know either Christine or Gordon Cooper.

21. That the creditor to whom Christine and Gordon Cooper allegedly owed the subject debt to, employed Defendant to attempt to collect the subject debt.

22. That Plaintiff has never had an established business relationship with Defendant or the creditor for whom they were collecting for.

23. That in or about August of 2007, Plaintiff received a bill at her home for the subject debt. The bill was addressed to her and was for a hospitalization in Pennsylvania. Plaintiff called the telephone number on the bill to inquire as to what it was for as she had never been hospitalized in Pennsylvania. When Plaintiff called, she was informed that the bill was for Christine Cooper.

24. That in all communications with Defendant, Plaintiff stated to Defendant that she was not Christine Cooper, and that she was not liable on the subject debt. On each such occasion, Defendant stated to Plaintiff that they would note the file and not call her any further.

25. That during the months of August of 2007 through November of 2007, Defendant called Plaintiff on at least ten occasions wherein upon phone being answered by Plaintiff, they left an artificial and/or prerecorded voice message directing her to stay on the line for a representative. On each such occasion, Plaintiff was informed by a voice recorded message that no representatives were available. Immediately thereafter, during each such telephone call, Defendant hung up the telephone. At no time during said telephone calls did Defendant disclose their identity or that they were a debt collector.

26. That on or about September 7, 2007, Plaintiff received a telephone call from Defendant. Defendant spoke to Patrick Regan, Plaintiff's husband. Defendant asked Mr. Regan if he was Gordon Cooper. Mr. Regan responded that he was not, that Gordon Cooper did not live there, and that he did not know a Gordon Cooper. The caller laughed and put Mr. Regan on hold. While on hold, Defendant transmitted a voice recorded message to Patrick Regan.

27. That between August of 2007 and November of 2007, Defendant called Plaintiff approximately 100 times, and on some days, multiple times per day.

28. That on or about September 26, 2007, Plaintiff received a telephone call from Defendant. The caller asked for "Gordon". Plaintiff responded that Gordon did not live there. The Defendant then asked if she knew Gordon, and Plaintiff responded that she did not know him. Defendant then promised that the Plaintiff's telephone number would be "removed from the system".

29. That on or about September 29, 2007, the Plaintiff received a telephone call from Defendant. The caller asked if she was Mrs. Cooper. Plaintiff replied that she was not Mrs. Cooper. Defendant then asked what her relationship was with the Coopers. Plaintiff responded that she did not know the Coopers, and had no relationship with them. The Defendant then hung up the telephone.

30. That on or about October 3, 2007, Plaintiff received another phone call from the Defendant. The caller asked if "Gordon would be in", or words to that effect.

31. That on or about October 10, 2007, Plaintiff received a telephone call from the defendant. The caller asked for Gordon Cooper.

32. That on or about October 11, 2007, Plaintiff received two telephone calls from the defendant, approximately one minute apart. At both times, the caller asked for Gordon Cooper.

33. That on or about October 12, October 14, October 15, and October 16 of 2007, Plaintiff received telephone calls from Defendant. In each instance, the caller asked for Gordon Cooper.

34. That as a result of the foregoing, Plaintiff became nervous, upset, and suffered from emotional distress.

## V.  COUNT ONE

35. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 26 above.

36. That Defendant NCO violated multiple provisions of the FDCPA, including but not limited to the following:

    A. Defendant NCO violated 15 U.S.C.§1692d(6) by failing to disclose their identity in the prerecorded telephone calls to the Plaintiff.

    B. Defendant NCO violated 15 U.S.C.§1692c(a)(1) and 15 U.S.C.§1692d by communicating with Plaintiff by telephone after her specific request that they not communicate with her in that manner.

    C. Defendant NCO violated 15 U.S.C.§1692e and 15 U.S.C.§1692e(2) by attempting to collect a debt that Plaintiff did not owe.

    D. That the telephone calls made by Defendant described above violated 15 U.S.C.§1692d and 15 U.S.C.§1692d(5).

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.14.1200, et seq.)

29. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

30. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having an established business relationship with the Plaintiff.

32. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt and to harass her.

33. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and

fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

38. Plaintiff received approximately 10 telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(d)(3)(B), from the defendant in the amount of Five Thousand Dollars and No Cents ($2,500.00).

39. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of Fifteen Thousand Dollars and No Cents ($15,000.00). pursuant to TCPA, 47 U.S.C.§227(d)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k  and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C.§223b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: January 8, 2008

/S/Kenneth R. Hiller, Esq.___
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
         ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Christine Regan affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: January 8, 2008         s/Christine Regan  
                               Christine Regan